Ely *v.* Crane.

---

ENOCH A. ELY

*v.*

ROBERT C. CRANE and JOHN M. CRANE.

1. When concurrent jurisdiction exists in matters of account, equity will
not withdraw the litigation from a common law court, unless it clearly appears
that such a course is necessary, in order that complete justice may be done.

2. But it is not necessary that the case should involve an equitable element
to warrant equity in assuming exclusive jurisdiction.   If the accounts are so

Ely v. Crane.

intricate, or complicated, that they cannot be examined and tried at Nisi Prius with the care and deliberation necessary to insure an accurate result, equity may take jurisdiction, though an action at law was pending when the suit in equity was brought.

3. In deciding whether an injunction shall be dissolved or not, the court must consider the whole case, and, though it may doubt whether the case made by the bill, in an action for an account, is sufficient to justify the retention of the injunction and changing the forum of litigation, yet if the answer shows that the case embraces an equity which a court of equity can alone administer, the chancellor should retain the injunction and assume exclusive jurisdiction.

4. A defendant in a suit at law, who asks a court of equity to assume jurisdiction of the litigation, on the ground that the remedy at law is inadequate, is not obliged to give security merely because he asks for the change.

On motion to dissolve, heard on bill and affidavit and answer and affidavit.

*Mr. H. C. Pitney*, for motion.

*Mr. S. M. Dickinson*, contra.

VAN FLEET, V. C.

This is a motion to dissolve an injunction. The question it raises is, whether this court shall take jurisdiction of the questions at issue between the parties, or let them be determined at law. The complainant, after the defendants had sued him at law, filed his bill in this court, asking to have the defendants restrained, and the account between himself and the defendants settled here, on the single ground that the accounts were so complex that they could not be examined and tried at Nisi Prius with any certainty that an accurate result would be reached. An injunction was granted. The defendants have answered, and now move a dissolution of the injunction.

The case made by the bill discloses no equitable element which would give this court exclusive jurisdiction. The case is one where concurrent jurisdiction exists, and either tribunal may properly take jurisdiction of it. When that is the case, and a common law court has already jurisdiction, when the aid of this court is sought, it is not the practice of this court to withdraw

the litigation from the common law tribunal, unless it is clearly necessary to do so in order that justice may be done. But it must not be understood that, in cases of this class, the jurisdiction of this court is limited to accountings involving an equitable element. Though the accounts consist of matters purely legal in their character, so that each item, on both sides, would be the proper subject-matter of an action at law, or of legal set-off, yet if the accounts are so complicated that they cannot be examined and tried at Nisi Prius with the care and deliberation necessary to reach an accurate result, this court may rightfully assume jurisdiction, even after an action at law has been commenced. The rule on this subject is thus stated by Mr. Kerr: "If a court of law is competent to deal with the case, equity will not interfere. If, on the other hand, the case is such that a court of law has no adequate means of dealing with the matter, equity will entertain jurisdiction." *Kerr on Inj. 58.* Equity sometimes takes cognizance of matters of account from the very necessity of the case, as where the accounts are so complicated that a court of law cannot examine them at Nisi Prius, with the care necessary to reach an accurate result. *Seymour* v. *Long Dock Co., 5 C. E. Gr. 396.*

Judged by this rule, I think there is great reason to doubt whether the case made by this bill is sufficient to justify the interference of this court. The complainant says the accounts are so complicated that they cannot be stated and settled at law; but this is not enough. The court cannot accept his opinion; it must have facts. It is a fundamental rule of equity pleading, to be observed in all cases, that a bill must state facts sufficient to show a case within the jurisdiction of the court; if it fails to do so, no relief can be given. In a case in which a change of jurisdiction is sought on the ground of intricacy or complexity, the accounts must be laid before the court, or their nature, character and extent so far disclosed that the court may see and judge for itself whether a proper case for the exercise of its jurisdiction exists or not. The bill in this case simply disputes certain items with which the defendants have charged the complainant in the bill of particulars annexed to their declaration,

and alleges that the complainant is entitled to certain credits, in addition to those given to him in the bill of particulars. It presents the familiar case where the debtor claims he has been charged with what he has not had, and has not received all the credits he is entitled to. The items disputed are few in number, and the issues to be determined on their allowance or disallowance are such as the law courts try almost every day. The credits claimed are for moneys paid, either to the defendants or to some other person for them, and for goods sold. The question whether the complainant is entitled to them or not, presents the simplest sort of an issue—just such an issue as the common law courts deal with more frequently than any other tribunal. If the case stood on the bill alone, I should have great difficulty in finding any satisfactory reason for the retention of the injunction.

But the answer presents a condition of facts which, I think, renders it entirely clear that the injunction should be retained, and that this court should take jurisdiction of the matters in dispute between the parties. Indeed, in view of the facts exhibited by the answer, it is obvious full and complete justice can be done nowhere else. In deciding whether an injunction shall be dissolved or not, the court must consider the whole case; not simply the case shown by the bill, but the case as it is shown by the whole record. And even in a case where the answer so completely denies the equity of the bill, that if there was nothing else before the court but the bill and answer, the court would be required to order a dissolution, yet if the complainant has taken his evidence, though the defendant has not yet had time to take his, and it appears that the complainant's evidence so far supports the equity of the bill that, on a fair consideration of the whole case, the injunction ought not to be dissolved, the court will not dissolve it. *Christie* v. *Griffing, 9 C. E. Gr. 76.*

The main dispute between the parties is whether a sum of about $4,000, paid by the defendants to the complainant, was passed over under such circumstances as entitle the defendants to charge the complainant with it in the accounting. They say the complainant obtained it by fraud; that he induced them, by

fraud, to join him in the purchase of a mortgage, representing that it was a first lien, when, in fact, it was the second; that it was a first-class security, when, in truth, it was of trifling value; and that it belonged to a third person, when, in reality, it was his own; and that, subsequently, when the mortgaged premises were sold, under a decree made in a suit founded on the first mortgage, they purchased them for the complainant, at his instance, and according to special direction given by him. A conveyance was afterwards made to them, and they say they now hold the lands for the complainant. Now, taking this to be true, is it not manifest that the case embraces an equity which this court alone can recognize and administer? If the injunction is removed, and the defendants succeed in recovering a judgment for the amount they claim in this transaction, they will be at liberty to enforce their judgment to the last penny, notwithstanding the fact that they hold the lands which stood pledged for the payment of the security, which, they say, they were fraudulently induced to purchase. This certainly would not be just. The duties of the parties, in equity, are reciprocal; they spring from the same transaction, and when the complainant returns the money he should have the land. The defendants would, perhaps, be required at law to show, in order to establish a right to recover, that they had offered to restore the consideration they had received, but what they received for their money was not a title to the mortgaged premises, but the mortgage itself. They acquired title to the mortgaged premises by virtue of a decree founded on the first mortgage, and by means entirely *dehors* the transaction which the defendants seek to invalidate. I take it to be indisputable that the court in which the action at law is pending is without the least color of authority to exact, as a condition on which the defendants shall be entitled to recover, that they shall convey the mortgaged premises to the complainant. Not so, however, here. If, on final hearing, this court should be of opinion that defendants were entitled to have the sale of the mortgage set aside, and the complainant charged with the moneys paid therefor, and that the defendants took the title of the mortgaged premises for the complainant, by his direction, the decree

to be made would undoubtedly provide either that, on the payment of the amount due, the defendants should convey to the complainant, or that the mortgaged premises should, in some appropriate method, be applied in discharge of the complainant's debt to the defendants. The case as presented by the defendants' answer, possesses equitable elements which it is plain a court of law can neither recognize nor administer, and which, it is equally clear, if not taken into consideration, in deciding and adjusting the rights of the litigants, full and complete justice will not be done. This court is therefore bound, according to a well-established principle, to take jurisdiction, because the remedy at law is inadequate. The motion to dissolve is denied.

The defendants further insist that if the injunction is retained, the complainant should be required either to give security for what may be found to be due, or to allow judgment to be entered, execution to be issued and a levy taken, the judgment and levy to stand as security for what may be found to be due. Facts might exist which would entitle the defendants to the protection they ask, but they have no right to it merely because the complainant has asked to have the jurisdiction of the suit changed. To entitle themselves to such protection they must show that they need it, or they must show such a case of danger as to render indemnity a reasonable precaution. They do allege they are in danger, but they put in their allegation in this extremely indefinite form :

"They say that the complainant is himself heavily in debt, and that, as they are informed and believe, most of his lands are heavily mortgaged, and they really fear that if the recovery of judgment against him shall be deferred for any considerable time, they will be in danger of losing their debt."

An allegation stated in this form presents no ground for extending the protection asked. The answer is verified simply by an affidavit in the common form, the defendants merely affirming that the matters and things set forth in the answer, so far as they relate to their own acts, are true, and so far as they relate to the acts of others, they believe them to be true. A verification in this form affirms nothing except that the defendants are troubled

Denise's Executors *v.* Denise.

by fears.   There is nothing before the court which shows that the defendants will be put in the least peril, or subjected to the slightest hazard in changing the jurisdiction of the suit.   They are not entitled to security on the case as it now stands.